UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES RYAN FREI, | Case No. 15-CV-3673 (PJS/JJK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JEFFREY S. GILSRUD, St. Paul Police Officer; MICHAEL TSCHIDA, St. Paul Police Officer; THE ST. PAUL POLICE DEPARTMENT; CITY OF ST. PAUL; ST. PAUL FIRE DEPARTMENT MEDICS, | |
| Defendants. | |

Plaintiff James Ryan Frei, a prisoner, alleges that defendants Jeffrey S. Gilsrud and Michael Tschida used excessive force while arresting him, in violation of his Fourth Amendment Rights. Frei also alleges that unnamed medics with the St. Paul Fire Department were deliberately indifferent to his medical needs. Accordingly, Frei brings claims under 42 U.S.C. § 1983 against Gilsrud, Tschida, the medics, the St. Paul Police Department, and the City of St. Paul. Frei did not pay the filing fee for this matter, but instead applied to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of Frei's IFP application, this Court concludes that Frei qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Further, under 28 U.S.C. § 1915A(a), "the court shall review, before

docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Frei has not pleaded viable claims against two of the defendants to this action. First, Frei attempts to bring claims against the City of St. Paul because that entity employs officers who are alleged to have violated his constitutional rights. *See* Am. Compl. at 6 [ECF No. 5]. But as previously explained by this Court to Frei, "the doctrine of respondeat superior does not apply to § 1983 cases . . . ." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014); accord ECF No. 3 at 3 n.2. In other words, Frei may not maintain an action under § 1983 against a defendant solely because that defendant employs someone who violated his constitutional rights. Instead, Frei must plausibly allege that the City of St. Paul itself violated his constitutional rights, either by failing to properly supervise and train the offending employees, or by creating, applying, or interpreting policies that give rise to unconstitutional conditions. *Id*. Frei has made no such

allegations against the City of St. Paul, and he therefore cannot maintain an action under § 1983 against that defendant.  Accordingly, this Court recommends that the claims against the City of St. Paul be dismissed without prejudice.

Much the same can be said of the claims against the St. Paul Police Department.  Again, Frei does not allege that the police department itself has committed any unlawful action; he seeks recovery from the police department only because the department employs the officers alleged to have violated his constitutional rights.  *See* Am. Compl. at 6.  As just explained, this is insufficient to state a claim under § 1983.  In addition, "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit."  *Ferrell v. Williams Cnty. Sheriff's Office*, No. 4:14-cv-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014) (citing *De La Garza v. Kanditohi Cnty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2011)).  Thus, in addition to being insufficiently pleaded, the claims brought against the St. Paul Police Department are simply being brought against an entity that cannot be sued under § 1983.  This Court therefore recommends that all claims against the St. Paul Police Department be dismissed without prejudice as well.[1]  *See De La Garza*, 18 Fed. App'x at 437 (modifying dismissal of claims against county jail and county sheriff's department to be without prejudice).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT the claims brought by plaintiff James Ryan Frei against

---

[1]By separate order, this Court will grant Frei's IFP application with respect to the remaining defendants and order that Frei's amended complaint be served on those defendants.

defendants City of St. Paul and St. Paul Police Department be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

Dated: October 27, 2015             *s/Jeffrey J. Keyes*
                                                          JEFFREY J. KEYES
                                                          United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.