UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES RYAN FREI,

                Plaintiff,

Case No. 15-CV-3673 (PJS/DTS)

v.

JEFFREY S. GILSRUD, St. Paul Police Officer; MICHAEL TSCHIDA, St. Paul Police Officer; and ST. PAUL FIRE DEPARTMENT MEDICS,

ORDER

                Defendants.

James Ryan Frei, pro se.

Cheri M. Sisk, CITY OF ST. PAUL ATTORNEY'S OFFICE, for defendants.

This matter is before the Court on plaintiff James Ryan Frei's objection to Magistrate Judge David T. Schultz's June 29, 2017 Report and Recommendation ("R&R"). Judge Schultz recommends granting the government's motion for summary judgment in part and denying it in part. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Frei's objection and adopts Judge Schultz's R&R.

Only two matters merit comment.

*First*, Frei argues that Officer Tschida "could have made the decision not to fire based on the fact that I was clearly scared." ECF No. 75 at 1. But qualified immunity

does not turn on whether a law-enforcement officer could have done something else under the circumstances. Instead, qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citation omitted). The law clearly allows a police officer to use deadly force "if necessary to prevent [the] escape" of a suspect who "threaten[ed] [an] officer with a weapon." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). That is exactly what happened here. Frei pointed a gun at Officer Tschida's face before running out of the store and jumping into his truck. Therefore, Officer Tschida's decision to fire at Frei to prevent his escape did not "violate [a] clearly established statutory or constitutional right[] of which a reasonable person would have known." *Mullenix*, 136 S. Ct. at 308 (citation omitted).

*Second*, Frei argues that his deliberate-indifference claim should not be dismissed just because he failed to name the proper defendants. But even if the Court were to ignore that problem, Frei's claim would still fail for lack of evidence. To establish deliberate indifference, Frei must demonstrate that he suffered from an objectively serious medical need and that the medics that he intended to sue actually knew of but deliberately disregarded that need. *See Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). In order to prove deliberate indifference to a serious medical need, Frei "must show more than negligence, more even than gross negligence." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). In fact, "[d]eliberate indifference is akin to criminal recklessness." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

Here, Frei has alleged no facts that suggest that he had an objectively serious medical need or that the medics who attended him acted with something like criminal recklessness to that need. Frei was dizzy and bruised; he had an old scar on his head from a childhood surgery; and he had a nick on his left shoulder where a bullet had grazed him. *See* ECF No. 50 at 2-3; ECF No. 55-1 at 3-5. But after examining him, the medics could not "locate any injuries . . . that required immediate medical attention." ECF No. 37 ¶ 13. Frei claims that the medics "should have taken [him] to the hospital" for a *second* examination. ECF No. 75 at 2. But the Constitution does not guarantee a second opinion. The bottom line is that nothing in the record demonstrates that Frei had an "objectively serious medical need," much less that the medics "actually knew" about that need but deliberately ignored it. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (citation omitted). Therefore, the medics are entitled to summary judgment on Frei's deliberate-indifference claim.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 75] and ADOPTS Judge Schultz's June 29, 2017 R&R [ECF No. 65]. IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 34] is GRANTED as to plaintiff's claims against Officer Michael Tschida and the St. Paul Fire Department medics.

2. Defendants' motion for summary judgment [ECF No. 34] is DENIED as to plaintiff's claims against Officer Jeffrey S. Gilsrud.

Dated: August 29, 2017

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge